**CARNEY BATES & PULLIAM, PLLC**
Allen Carney (*pro hac vice*)
acarney@cbplaw.com
Hank Bates (*pro hac vice*)
hbates@cbplaw.com
Samuel Randolph Jackson (*pro hac vice*)
sjackson@cbplaw.com
One Allied Drive, Suite 1400
Little Rock, AR 72202
Telephone: 501.312.8500
Facsimile: 501.312.8505

Mark Reich (to apply for *pro hac vice*)
mreich@zlk.com
Gary Ishimoto (to apply for *pro hac vice*)
gishimoto@zlk.com
**LEVI & KORSINSKY LLP**
33 Whitehall Street, 17th Floor
New York, NY, 10004
Tel: 212-363-7500
Fax: 212-363-7171

Jacob D. Barney (#16777)
**ANDERSON & KARRENBERG**
50 W. Broadway, Suite 600
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Fax: (801) 364-7497

*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH – CENTRAL DIVISION**

| | |
|---|---|
| BENJAMIN GARCIA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BRIGHAM YOUNG UNIVERSITY d/b/a BYU BROADCASTING<br><br>Defendant. | **PLAINTIFF BENJAMIN GARCIA'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS CLASS ACTION COMPLAINT**<br><br>Judge: Hon: Ann Marie McIff Allen<br><br>Mag. Judge: Hon. Daphne A. Oberg<br><br>Case No.: 1:24-cv-00188-AMA |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

Pursuant to District of Utah Local Civil Rule 7-1(c), Plaintiff, Benjamin Garcia, respectfully submits the attached decision from the United States District Court for the Southern District of New York in *Lee v. Springer Nature America, Inc.*, No. 24-cv-4493 (LJL), 2025 WL 692152 (S.D.N.Y. March 4, 2025) as supplemental authority in support of Plaintiff's Response to Motion to Dismiss (Dkt. No. 23). *See* **Exhibit A**.

The decision in *Lee* is relevant because the court considered many of the same arguments raised by Defendant, BYU, ("Defendant") in its Motion to Dismiss ("MTD") (Dkt No. 22) and its Reply (Dkt. No. 27), specifically that: (i) providing videos must be a primary business focus for an entity to be a video tape service provider under the Video Privacy Protection Act ("VPPA") (*See* MTD at 8-13, Reply at 2-5); (ii) the pixel – not BYU – disclosed personally identifiable information to Meta (*See* MTD at 13-16); and (iii) the Complaint does not sufficiently allege that BYU "knew" it was disclosing PII (*See* MTD at 17-18, Reply in Support at 5-8).

In *Lee*, the defendant, Springer Nature America, Inc., argued that because its primary business operates as "a publisher of print magazines and articles focused on developments in scientific fields," it is not a VTSP. *Lee*, 2025 WL 692152, Exhibit A at 18. The court rejected this argument: "Defendant misstates the applicable standard. The VPPA's definition of videotape service provider 'is not limited to entities that deal *exclusively* in audiovisual content… [B]y its plain terms, the statute applies equally to a business dealing primarily in audiovisual materials… and one dealing in primarily *non*-audiovisual materials.'" *Id.* (quoting *Salazar v. National Banketball Ass'n*, 118 F.4th 533, 548 (2d Cir. 2024)) (emphasis in original).

The defendant in *Lee* also argued, like BYU, that any disclosure of PII would have been done by the pixel, not the defendant. *Id.* at 35. In response, the *Lee* court called the distinction of

whether the pixel causes a user's web browser to send information directly to Facebook "irrelevant," noting that "[i]t cannot be argued that the tool, not the agent who installed it, is liable for the disclosure." *Id.* at 35, 37.

Finally, the court in *Lee* also considered whether the plaintiff's allegations were sufficient to show a "knowing" disclosure of PII. The court held that plaintiff's allegations that "Defendant knowingly installed the pixel, knowing that it would transmit his personal information to Facebook" were sufficient. *Id.* at 37. "Because Plaintiff alleges that 'Defendant intentionally installed the Facebook pixel on the website to benefit from the transmission of users' personally identifiable information, the knowledge element of the VPPA is satisfied.'" *Id.* at 38 (citing *Harris v. Pub. Broad. Serv.*, 662 F. Supp. 3d 1327, 1336 (N.D. Ga. 2023) (cleaned up)).

Dated: March 5, 2025.

Respectfully submitted,

*/s/Jacob D. Barney*
Jacob D. Barney
***Attorneys for Plaintiff***

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing pleading was filed via the Court's e-filing system on this date, on counsel of record.

Date: March 5, 2025

/s/ Savannah Holland