James S. Jardine (1647)
jjardine@rqn.com
Michael K. Erickson (12503)
merickson@rqn.com
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 323-3351

Michael Bleicher (*pro hac vice* forthcoming)
michael.bleicher@zwillgen.com
Jeff Landis (*pro hac vice* forthcoming)
jeff@zwillgen.com
ZWILLGEN PLLC
1900 M Street NW, Suite 250
Washington, DC 20036
Telephone: (202) 706-5251

David M. Andersen (16352)
david_andersen@byu.edu
Stephen M. Craig (12066)
stephen_craig@byu.edu
Scott L. Halvorsen (12001)
scott.halvorsen@byu.edu
BRIGHAM YOUNG UNIVERSITY
OFFICE OF GENERAL COUNSEL
A-360 ASB
Provo, Utah 8602
Telephone: (801) 422-4722

*Attorneys for Defendant*
*Brigham Young University*

---

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH – CENTRAL DIVISION**

| | |
|---|---|
| BENJAMIN GARCIA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BRIGHAM YOUNG UNIVERSITY d/b/a BYU BROADCASTING,<br>Defendant. | **DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Case No. 1:24-cv-00188-AMA<br><br>Judge: Ann Marie McIff Allen<br><br>Magistrate Judge: Daphne A. Oberg |

Pursuant to Local Civil Rule 7-1(c), Defendant Brigham Young University ("BYU") submits this response to Plaintiff's Notice of Supplemental Authority (Dkt. No. 28 (the "Notice")) for the out-of-circuit unpublished case *Lee v. Springer Nature America, Inc.*, 24-cv-4493 (LJL), 2025 WL 692152 (S.D.N.Y. Mar. 4, 2025). The Notice asserts that *Lee* is relevant to BYU's pending motion to dismiss because *Lee* considered many of the same arguments raised by BYU. *Id.* at 1. However, *Lee* differs from this case in several ways that render it not relevant.

As to whether BYU is a Video Tape Service Provider ("VTSP"), BYU does not argue, as the defendant in *Lee* did, that the VPPA's definition of VTSP is limited to entities that "deal *exclusively* in audiovisual content." *Id* at 1 (quoting *Lee*, at *8) (emphasis in original). Rather, BYU argues that the Complaint fails to allege that offering videos is more than an *incidental* part of BYU's mission as a religious-based educational institution. *See, e.g.*, Dkt. 22 at 8-13. BYU's product (its religious-based education) is thus not <u>both</u> (1) "substantially involved in the conveyance of video content to consumers" <u>and</u> (2) "significantly tailored to serve that purpose" like the court found in *Lee*. *See Lee*, at *8 (noting that "[b]oth parts of that test must be satisfied" for an entity to be considered a VTSP). Because BYU does not fulfill both parts of this test, it is not "engaged in the business . . . of rental, sale, or delivery" of videos and is <u>not</u> a VTSP. *Lee* is also unlike the case at hand because the defendant there was a media entity (against whom the VPPA is often applied) as opposed to an educational institution (against whom the VPPA has never been applied). *See id.* ("The term 'video tape service provider' does not include every business with some tangential relationship to video content.").

That *Lee* did not consider the same "knowledge" argument that BYU makes in its motion to dismiss renders *Lee* further irrelevant. BYU argues that, as a matter of statutory construction, the

VPPA's knowledge requirement requires a VTSP have actual knowledge both that (1) personally identifiable information is being disclosed and (2) such information concerns a subscriber. *See* Dkt. 22 at 17. Nothing in the Complaint suggests that BYU has any way of knowing whether a person viewing videos on the website is a "subscriber" as opposed to a casual viewer. *Id.* at 17-18. BYU also explains in its motion why notwithstanding the language from *Czarnionka v. Epoch Times Association, Inc.,* 2022 WL 17069810 (S.D.N.Y. Nov. 17, 2022)—which *Lee* relies on—merely causing a disclosure is not actionable under the VPPA. *See* Dkt. 22 at 16. The Complaint fails to allege that BYU ever knew or possessed Plaintiff's Facebook ID, that BYU itself disclosed such Facebook ID to anyone, or that that BYU even knew Plaintiff was a Facebook subscriber.

Finally, *Lee* is irrelevant to the consent argument BYU makes in its motion to dismiss—that Facebook users, including Plaintiff, consented to any alleged disclosures through their agreements with Facebook—because the *Lee* defendant made no consent argument. *Compare* Dkt. 22 at 19-22, *with Lee*, at *7 n.7 ("Defendant makes no argument at this stage that Plaintiff provided consent to the disclosure of his personally identifiable information."). If anything, *Lee* supports BYU's argument that Plaintiff's consent via Facebook is valid VPPA consent: While the court recognized in a footnote that the VPPA's consent exception requires the VTSP be the one to provide the opportunity to opt-out, it also quoted the separate requirement that consent be provided in a "distinct and separate" form, which includes no such restriction on who must obtain the consent in the first instance. *See Lee*, at *7 n.7.

Dated: March 12, 2025

Respectfully submitted,

**RAY QUINNEY & NEBEKER P.C.**

By: */s/ Michael K. Erickson*

James S. Jardine
jjardine@rqn.com
Michael K. Erickson
merickson@rqn.com
**ZWILLGEN PLLC**

Michael Bleicher (pro hac vice forthcoming)
michael.bleicher@zwillgen.com
Jeff Landis (pro hac vice forthcoming)
jeff@zwillgen.com

**BRIGHAM YOUNG UNIVERSITY**

David M. Andersen
david_andersen@byu.edu
Stephen M. Craig
stephen_craig@byu.edu
Scott L. Halvorsen
scott.halvorsen@byu.edu

*Attorneys for Defendant*
*Brigham Young University*