# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| BENJAMIN GARCIA, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> BRIGHAM YOUNG UNIVERSITY d/b/a BYU BROADCASTING, <br><br> Defendant. | **CLASS ACTION SETTLEMENT AGREEMENT** <br><br> Case No. 1:24-cv-00188-AMA-DAO <br><br> Judge:      Hon. Ann Marie McIff Allen <br> Magistrate Judge: Hon. Daphne A. Oberg |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Agreement" or "Settlement Agreement") is entered into by and among (i) Plaintiff, Benjamin Garcia (the "Plaintiff," *see* Paragraph 1.22, *infra*), on behalf of himself and as representative of the Settlement Class (as defined herein); and (ii) Defendant, Brigham Young University d/b/a BYU Broadcasting ("Defendant," *see* Paragraph 1.10, *infra*). Plaintiff and Defendant are collectively referred to herein as the "Parties," or individually as "Party." This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

## RECITALS

A. **WHEREAS,** this putative class action was filed on November 12, 2024 in the United States District Court for the District of Utah, alleging Defendant disclosed its subscribers' personally identifiable information (PII) to Meta (formerly Facebook) via the Meta Pixel (a piece of code installed on Defendant's website) without obtaining consent in violation of the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"). *See* ECF No. 1.

B. **WHEREAS**, on January 17, 2025, Defendant filed a motion to dismiss Plaintiff's complaint under Rule 12(b)(6) arguing that Plaintiff failed to state a claim upon which relief could be granted. (ECF No. 22.) Plaintiff filed his opposition brief on February 14, 2025 (ECF No. 23), and Defendant filed its reply on February 28, 2025 (ECF No. 27).

C. **WHEREAS**, subsequent to completion of the briefing on Defendant's motion to dismiss, Plaintiff and Defendant agreed to participate in mediation while a decision on Defendant's motion remained pending.

D.      **WHEREAS**, the Parties, through their respective counsel, participated in extensive arms-length negotiations in efforts to settle the disputes, including an in-person mediation on May 9, 2025, before former United States District Judge Freda L. Wolfson, formerly of the U.S. District Court, District of New Jersey.

E.      **WHEREAS**, as part of the mediation, and in order to competently assess their relative negotiating positions, the Parties exchanged informal discovery on issues such as the size and scope of the putative class, and certain facts related to the strength of Plaintiff's claims and Defendant's defenses. The Parties also exchanged information about settlements in similar cases. As a result, the Parties had sufficient information to assess the strengths and weaknesses of their respective claims and defenses and the reasonableness of a proposed settlement that resulted in this Agreement.

F.      **WHEREAS**, at the conclusion of the May 9, 2025 in-person mediation session with Judge Wolfson, Plaintiff and Defendant reached agreement on the material terms of a class action settlement and executed a term sheet, which are reflected in this Settlement Agreement.

G.      **WHEREAS,** at all times, Defendant has denied and continues to deny any wrongdoing whatsoever and has denied and continues to deny that it committed, or threatened or attempted to commit, any wrongful act or violation of law or duty alleged in the Action, including without limitation any violation of the VPPA. Nonetheless, accounting for the uncertainty and risks inherent in any litigation, Defendant has concluded it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement. This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of

1

liability or wrongdoing on the part of Defendant, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

H.     **WHEREAS**, Plaintiff and Class Counsel believe that the claims asserted in the Action against Defendant have merit and that Plaintiff would have prevailed at summary judgment and/or trial. Nonetheless, Plaintiff and Class Counsel recognize that Defendant has raised factual and legal defenses that present a risk that Plaintiff may not prevail. Plaintiff and Class Counsel also recognize the expense and delay associated with continued prosecution of the Action against Defendant through class certification, summary judgment, trial, and any subsequent appeals. Plaintiff and Class Counsel have also taken into account the uncertain outcome and risks of litigation, especially in complex class actions, as well as the difficulties inherent in such litigation. Therefore, Plaintiff believes it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice. Based on their evaluation, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among Plaintiff, the Settlement Class, and each of them, and Defendant, by and through its undersigned counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

<u>**AGREEMENT**</u>

**1. DEFINITIONS.**

As used in this Settlement Agreement, the following terms have the meanings specified below:

**1.1** **"Action"** means *Garcia v. Brigham Young University d/b/a BYU Broadcasting*, Case No. 1:24-cv-00188-AMA-DAO (the "Action"), pending in the United States District Court for the District of Utah.

**1.2** **"Approved Claim"** means a Claim Form submitted by a Settlement Class Member that: (a) is submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement; (b) is fully and truthfully completed by a Settlement Class Member with all of the information requested in the Claim Form; (c) is signed by the Settlement Class Member, physically or electronically; and (d) is approved by the Settlement Administrator pursuant to the provisions of this Agreement. To receive a *pro rata* cash payment, each claimant must fill out an attestation that they (1) had a Facebook account during the Class Period; (2) had a subscription (i.e., login credentials) to http://www.byutv.org during the Class Period; and (3) viewed videos on www.byutv.org during the Class Period.

**1.3** **"Claim Form"** means the document substantially in the form attached hereto as Exhibit A, as approved by the Court. The Claim Form, to be completed by Settlement Class Members who wish to file a Claim, shall be available in electronic and paper format in the manner described below.

**1.4** **"Claims Deadline"** means the date by which all Claim Forms must be postmarked or received to be considered timely and shall be set as a date no later than sixty (60) days after the Notice Date. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order as well as in the Notice and the Claim Form.

    **1.5**    **"Class Counsel"** means Carney, Bates & Pulliam, PLLC, including Allen Carney, Hank Bates, and Sam Jackson, Anderson & Karrenberg, P.C., including Jacob D. Barney, and Levi & Korsinsky LLP, including Mark Reich.

    **1.6**    **"Class Period"** means from November 12, 2022, to and including May 9, 2025.

    **1.7**    **"Class Representative"** means the named Plaintiff in this Action, Benjamin Garcia, a resident of Utah.

    **1.8**    **"Court"** means the United States District Court for the District of Utah.

    **1.9**    **"Defendant"** means Brigham Young University, a Utah nonprofit corporation.

    **1.10**    **"Defendant's Counsel"** means Jeffrey Landis and Michael Bleicher of ZwillGen PLLC; James Jardine and Michael Erickson of Ray Quinney & Nebeker PC; and David Andersen, Stephen Craig, and Scott Halvorsen of the BYU Office of General Counsel.

    **1.11**    **"Effective Date"** means ten (10) days after all the events and conditions specified in Paragraph 9.1 have been met and have occurred.

    **1.12**    **"Escrow Account"** means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to all Parties at a depository institution insured by the Federal Deposit Insurance Corporation. The Settlement Fund shall be deposited by Defendants into the Escrow Account in accordance with the terms of this Agreement and the money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less. The costs of establishing and maintaining the Escrow Account

shall be paid from the Settlement Fund. The Escrow Account shall be maintained by the Settlement Administrator.

      1.13    **"Fairness Hearing"** means the hearing before the Court at or after which the Court will make a final decision whether to approve the proposed Settlement set forth herein as fair, reasonable, and adequate.

      1.14    **"Fee and Expense Award"** means the amount of attorneys' fees, costs, and expenses awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

      1.15    **"Final"** means 12:00 a.m. on the day following the latest of the following: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee and Expense Award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) if there is an appeal that involves the Fee and Expense award in addition to other issues, the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari.

      1.16    **"Final Judgment"** means the Final Judgment and Order to be entered by the Court approving the Agreement.

      1.17    **"Notice"** means the notice of this proposed Class Action Settlement Agreement, which is to be sent to the Settlement Class substantially in the manner set forth in this Agreement, is consistent

with the requirements of Due Process, Federal Rule of Civil Procedure 23(c)(2), and is substantially in the form of Exhibits B and C hereto.

1.18    **"Notice Date"** means the date by which the Notice set forth in Paragraph 4.1 is commenced, which shall be no later than thirty (30) days after Preliminary Approval.

1.19    **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person within the Settlement Class must be made, which shall be designated as a date no later than sixty (60) days after the Notice Date.

1.20    **"Person"** shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns. "Person" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

1.21    **"Plaintiff"** means Benjamin Garcia.

1.22    **"Preliminary Approval Order"** means the Order entered by the Court: (i) preliminarily certifying the Settlement Class; (ii) preliminarily approving the terms and conditions of this Agreement; (iii) appointing the Class Representative and Class Counsel; (iv) directing the manner and timing of providing Notice to the Settlement Class; and (v) setting the dates and deadlines for effectuating the settlement, including the date of the sending of Notice, the Claim Period, and the date of the Fairness Hearing, if one is scheduled.

1.23    **"Released Claims"** means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights,

causes of action, contracts or agreements, extra-contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations, whether in law or in equity, accrued or un-accrued, direct, individual or representative, of every nature and description whatsoever, whether based on the VPPA or other state, federal, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the alleged disclosure of the Settlement Class Members' personally identifiable information and viewing information of any sort to any third party, including any and all claims arising directly or indirectly out of, or in any way relating to, the claims that actually were brought or could have been brought in the Action. Nothing herein is intended to release any claims any governmental agency or governmental actor has against Defendant.

  **1.24**  **"Released Parties"** means Defendant Brigham Young University, as well as any and all of its past and present agents, advisors, attorneys, employees, representatives, partners, partnerships, corporations, companies, joint venturers, predecessors, trustees, estates, heirs, executors, administrators, officers, directors, principals, members, managers, owners, direct or indirect security holders, shareholders, parents, subsidiaries, affiliates, related companies, former companies, divisions, successors and assigns, fiduciaries, contractors, insurers, co-insurers, reinsurers, and any person in legal privity with them.

  **1.25**  **"Releasing Parties"** means Plaintiff, those Settlement Class Members who do not timely opt out of the Settlement Class, and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors,

officers, partners, principals, members, attorneys, accountants, financial and other advisors,

underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in

interest, assigns and companies, firms, trusts, and corporations.

1.26    **"Service Award"** means any amount awarded by the Court to the Class Representative

as a service award in recognition of his efforts and commitment on behalf of the Settlement Class, which

will be paid out of the Settlement Fund and shall not exceed $5,000.

1.27    **"Settlement Administration Expenses"** means the fees and expenses incurred by the

Settlement Administrator in providing Notice, processing claims, responding to inquiries from members

of the Settlement Class, distributing payments, and related services, which shall be paid from the

Settlement Fund.

1.28    **"Settlement Administrator"** means a reputable administration company that has been

selected by the Parties and approved by the Court to oversee the distribution of Notice, as well as the

processing and payment of Approved Claims to the Settlement Class as set forth in this Agreement.

1.29    **"Settlement Class"** means all individuals who, as persons in the United States, (1) had a

Facebook account during the Class Period; (2) had a subscription (i.e., login credentials) to

http://www.byutv.org during the Class Period; and (3) viewed videos on www.byutv.org during the

Class Period. Excluded from the Settlement Class shall be counsel to the Settling Parties, and their

employees, legal representatives, heirs, successors, assigns, or any members of their immediate family;

any government entity; Defendant, any entity in which Defendant has a controlling interest, any of

Defendant's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives,

heirs, successors, or assigns, or any members of their immediate family; any persons who, as of the date

of this Agreement, have asserted claims against Defendant under the VPPA through counsel other than

Class Counsel; any persons who have released claims relating to the Action; the Hon. Freda Wolfson; and any persons who properly execute and timely request exclusion from the Settlement Class.

     **1.30**   **"Settlement Class Member"** means a Person who falls within the definition of the Settlement Class as set forth above and who has not submitted a valid request for exclusion.

     **1.31**   "**Settlement Class Size**" means Settlement Class Members meeting the criteria of the Settlement Class. The current Settlement Class Size is estimated at 126,450, or 68% of all United States Persons who had a subscription to http://www.byutv.org and viewed videos on http://www.byutv.org during the Class Period (based on an analysis estimating 68% of American adults have a Facebook account).

     **1.32**   **"Settlement Fund"** means the non-reversionary cash fund that shall be established by or on behalf of Defendant in the total amount of one million and two-hundred and fifty thousand dollars ($1,250,000 USD) to be deposited into the Escrow Account, according to the schedule set forth herein, plus all interest earned thereon. If at final calculation, the Settlement Class Size increases more than 5% from 126,450 (the number reflected in Paragraph 1.31 above), the Settlement Fund will increase *pro rata* for each Settlement Class Member above 126,450. From the Settlement Fund, the Settlement Administrator shall pay all Approved Claims made by Settlement Class Members, Settlement Administration Expenses, any Service Award to the Class Representative, and any Fee and Expense Award to Class Counsel. The Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the above-listed payments are made. The Settlement Fund includes all interest that shall accrue on the sums deposited in the Escrow Account. The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings. The

Settlement Fund represents the total extent of Defendant's monetary obligations under this Agreement. In no event shall Defendant's total monetary obligation with respect to this Agreement exceed or be less than the Settlement Fund.

    **1.33** **"Unknown Claims"** means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable, or equivalent to California Civil Code § 1542. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

**2. SETTLEMENT RELIEF.**

**2.1    Payments to Settlement Class Members.**

(a)    Within thirty (30) days of the Court's entry of the Preliminary Approval Order, Defendant shall pay or cause to be paid into the Escrow Account the amount of the Settlement Fund as specified in Paragraph 1.32 of this Agreement.

(b)    Each Settlement Class Member that submits an Approved Claim will receive a *pro rata* portion of the Settlement Fund as a cash payment after the amounts of the Settlement Administration Expenses, any Fee and Expense Award, and any Service Award have been deducted from the Settlement Fund.

(c)    The Settlement Administrator shall pay the cash payments for all Approved Claims from the Settlement Fund via check, Zelle, Venmo, or PayPal.

(d)    A maximum of one claim, submitted on a single Claim Form, may be submitted by each Settlement Class Member. Each Approved Claim must confirm that, at the time the Settlement Class Member viewed a video on http://www.byutv.org, he or she had a Facebook account.

(d)    All cash payments issued to Settlement Class Members via check will state on the face of the check that it will expire and become null and void unless cashed within one hundred and twenty (120) days after the date of issuance. To the extent that any checks issued to a Settlement Class Member are not cashed within one hundred twenty (120) days after the date of issuance, such uncashed check funds shall be redistributed on a pro rata basis (after first deducting any necessary settlement administration expenses from such uncashed check funds) to all Settlement Class Members who cashed checks during the initial distribution, but only to the extent each Settlement Class Member would receive at least $5.00 in any such secondary distribution and if otherwise feasible. To the extent each Settlement Class Member would receive less than $5.00 in any such secondary distribution or if a

secondary distribution would be otherwise infeasible, any uncashed check funds shall, subject to Court approval, shall be paid to the United Way of Utah County, a not-for-profit organization, or such other not-for-profit organization(s) recommended by counsel for the Parties and approved by the Court.

(e)    Upon payment of the Settlement Fund into the Escrow Account, all risk of loss with respect to the cash portion of the Settlement shall pass to the Escrow Account, and any and all remaining interest or right of Defendant in or to the Escrow Account, if any, shall be extinguished.

**2.2    Prospective Relief.** Within 60 (sixty) days of the Court's entry of Final Approval, Defendant shall suspend operation of the Meta Pixel on any page on its website that includes video content and has a URL that substantially identifies the video content viewed, unless and until the VPPA is amended, repealed, or otherwise invalidated by judicial decision as applied to the use of web site pixel technology, or until Defendant obtains VPPA-compliant consent that would apply to disclosure of the video content viewed to Meta. Nothing herein shall prohibit the use of the Meta Pixel where the disclosure of information to Meta does not identify specific video materials that a user has viewed.

## 3.  RELEASE.

**3.1**    The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

**3.2**    Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, shall, either directly, indirectly, representatively, or in any capacity, be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as a class member or

otherwise) in any lawsuit, action, or other proceeding in any jurisdiction (other than participation in the

Settlement as provided herein) against any Released Party based on the Released Claims, provided,

however, that the Releasing Parties shall be permitted to comply with a valid subpoena or court order

concerning the Released Claims.

4.  **NOTICE TO THE SETTLEMENT CLASS.**

    **4.1**    The Notice Plan shall consist of the following:

    **(a)**    *List of Potential Settlement Class Members*. No later than fourteen (14) days after

the Preliminary Approval Order, Defendant shall produce an electronic list from its records that includes

the names and e-mail addresses belonging to individuals who had subscriptions to http://www.byutv.org

during the Class Period, a subset of whom will be members of the Settlement Class. Class Counsel's

assent to this Agreement shall constitute consent on behalf of all such individuals to disclose this

information, consistent with the written consent provisions of the VPPA. This electronic document shall

be called the "Class List," and shall be provided to the Settlement Administrator.

    **(b)**    *Direct Notice*. No later than the Notice Date, the Settlement Administrator shall

send Notice via email substantially in the form attached as Exhibit B (the "Email Notice"), including as

to the subject line and sender email address, along with an electronic link to the Claim Form, to all

individuals on the Class List for whom a valid email address is available. In the event transmission of

the Email Notice results in any "bounce-backs," the Settlement Administrator shall, where reasonable,

correct any issues that may have caused the "bounce-back" to occur and make a second attempt to re-

send the Email Notice.

    **(c)**    *Reminder Notice*. Thirty (30) days after the Notice Date, the Settlement

Administrator shall again send the Email Notice (with minor, non-material modifications to indicate that

it is a reminder email rather than an initial notice), along with an electronic link to the Claim Form, to all individuals on the Class List who possess a valid email address and who have not yet submitted a Claim Form.

(d) *Additional Notice*. If deemed necessary by Class Counsel in consultation with the Settlement Administrator and Defendant, the Parties agree to discuss whether an additional notice and/or means of notice is appropriate, including, but not limited to, publication notice or sending a third Email Notice.

(e) *Settlement Website*. Within thirty (30) days from entry of the Preliminary Approval Order, Notice shall be provided on a case-specific settlement website at www.garciavideoprivacyclassaction.com which shall be administered and maintained by the Settlement Administrator and shall include the ability to file Claim Forms online. The Notice provided on the Settlement Website shall be substantially in the form of Exhibit C hereto.

(f) *Toll-Free Number*. Within thirty (30) days from entry of the Preliminary Approval Order, the Settlement Administrator shall implement, oversee, and maintain a toll-free number with an Interactive Voice Response ("IVR") system to provide Settlement Class Members with responses to frequently asked questions and provide essential information regarding the Action.

(g) *CAFA Notice*. Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator shall cause to be served upon the Attorneys General of each U.S. State in which Settlement Class members reside, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law.

(h)      *Contact from Class Counsel*. Class Counsel, in their capacity as counsel to Settlement Class Members, may from time-to-time contact Settlement Class Members to provide information about the Settlement Agreement, answer any questions Settlement Class Members may have about the Settlement Agreement, and assist Settlement Class Members with filing claims insofar as such communication or correspondence is directly related to administering the Settlement.

4.2      The Notice shall advise the Settlement Class of their rights, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or any of its terms. The Notice shall specify that any objection to the Settlement Agreement, and any papers submitted in support of said objection, shall be considered by the Court only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Person making the objection files notice of an intention to do so and at the same time files copies of such papers he or she proposes to be submitted at any scheduled Fairness Hearing with the Clerk of the Court, or alternatively, if the objection is from a Settlement Class Member represented by counsel, files any objection through the Court's CM/ECF system.

4.3      Any Settlement Class Member who intends to object to this Agreement must present the objection in writing, which must be personally signed by the objector, and must include: (1) the objector's full name and mailing address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member, including an attestation that the objector had a Facebook account during the Class Period; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting

Attorneys"); and (5) a statement indicating whether the objector intends to appear at any scheduled

Fairness Hearing (either personally or through counsel who files an appearance with the Court in

accordance with the Local Rules). So-called "mass" or "class" objections shall not be permitted.

4.4    If a Settlement Class Member or any of the Objecting Attorneys has objected to any class

action settlement where the objector or the Objecting Attorneys asked for or received any payment in

exchange for dismissal of the objection, or any related appeal, without any modification to the

settlement, then the objection must include a statement identifying each such case by full case caption

and amount of payment received. Any challenge to the Settlement Agreement, the Final Order, or the

Final Judgment shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not

through a collateral attack.

4.5    A Settlement Class Member may request to be excluded from the Settlement Class by

sending a written request postmarked on or before the Objection/Exclusion Deadline approved by the

Court and specified in the Notice. To exercise the right to be excluded, a Person in the Settlement Class

must timely send a written request for exclusion to the Settlement Administrator as specified in the

Notice, providing his/her full name and mailing address, a signature, the name of the case, and a

statement that he or she wishes to be excluded from the Settlement Class for purposes of this Settlement.

A request to be excluded that does not include all of this information, or that is sent to an address other

than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid,

and the Person(s) serving such a request shall be a member(s) of the Settlement Class and shall be bound

as a Settlement Class Member by this Agreement, if approved. Any member of the Settlement Class

who validly elects to be excluded from this Agreement shall not: (i) be bound by any orders, the Final

Judgment, or the terms of the Agreement; (ii) be entitled to relief under this Settlement Agreement; (iii)

gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement of the Settlement. The request for exclusion must be personally signed by the Person requesting exclusion. So-called "mass" or "class" opt-outs shall not be permitted. Opt-out requests seeking exclusion on behalf of more than one individual shall be deemed invalid by the Settlement Administrator. To be valid, a request for exclusion must be postmarked or received by the date specified in the Notice. The Settlement Administrator shall forward copies of all requests for exclusion to Class Counsel and Defendant's Counsel no later than seven (7) days after receipt.

4.6    The Fairness Hearing, if any, shall be no earlier than ninety (90) days after the Notice Date.

4.7    Any Settlement Class Member who does not, using the procedures set forth in this Agreement and the Notice, either seek exclusion from the Settlement Class or timely file a valid Claim Form shall not be entitled to receive any payment or benefits pursuant to this Agreement, but will otherwise be bound by all of the terms of this Agreement, including the terms of the Final Judgment to be entered in the Action and the Releases provided for in the Agreement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

## 5.  SETTLEMENT ADMINISTRATION.

5.1    The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request. The Settlement Administrator

shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with information concerning Notice, administration, and implementation of the Settlement Agreement. Should the Court request, the Parties shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to Settlement Class Members on account of Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

(a)     Forward to Defendant's Counsel, with copies to Class Counsel, all original documents and other materials received in connection with the administration of the Settlement, and all copies thereof, within thirty (30) days after the date on which all Claim Forms have been finally approved or disallowed in accordance with the terms of this Agreement;

(b)     Receive requests to be excluded from the Settlement Class and other requests and promptly provide to Class Counsel and Defendant's Counsel copies thereof. If the Settlement Administrator receives any exclusion forms or other requests after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel;

(c)     Provide weekly reports to Class Counsel and Defendant's Counsel, including, without limitation, reports regarding the number of Claim Forms received, the number approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected, in whole or in part, by the Settlement Administrator; and

(d)     Make available for inspection by Class Counsel or Defendant's Counsel the Claim Forms received by the Settlement Administrator at any time upon reasonable notice.

**5.2**    The Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or fraud or bulk submission from a single IP Address or series of IP Addresses. The Settlement Administrator will reject any claim that does not comply in any material respect with the instructions on the Claim Form or the terms of Paragraph 1.4, above, or is submitted after the Claims Deadline. Each claimant who submits an invalid Claim Form to the Settlement Administrator must be given a notice of the Claim Form's deficiency and an opportunity to cure the deficiency within twenty-one (21) days of the date of the notice. The Settlement Administrator may contact any Person who has submitted a Claim Form to obtain additional information necessary to verify the Claim Form.

**5.3**    Defendant's Counsel and Class Counsel shall have the right to challenge the acceptance or rejection of a Claim Form submitted by Settlement Class Members and to obtain and review supporting documentation relating to such Claim Form. The Settlement Administrator shall follow any agreed decisions of Class Counsel and Defendant's Counsel as to the validity of any disputed submitted Claim Form. To the extent Class Counsel and Defendant's Counsel are not able to agree on the disposition of a challenge, the disputed claim shall be submitted to the Honorable Freda L. Wolfson for binding determination.

**5.4**    In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

**6.  TERMINATION OF SETTLEMENT.**

**6.1**    Notwithstanding Paragraphs 9.1-9.3 below, Defendant or the Class Representative on behalf of the Settlement Class, shall have the right to terminate this Agreement by providing written

notice of the election to do so ("Termination Notice") to all other Parties hereto within twenty-one (21) days of any of the following events: (i) the Court rejects, materially modifies, or materially amends or changes the terms of the Settlement as embodied in this Settlement Agreement; (ii) the Court declines to enter, without material change, the material terms in the proposed Preliminary Approval Order or the proposed Final Approval Order and Judgment; (iii) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (iv) the date upon which an Alternative Judgment, as defined in Paragraph 9.l(d) of this Agreement is modified or reversed in any material respect by a court of appeal.

6.2     In the event of a termination of this Settlement Agreement based on an occurrence specified above, Class Counsel and Counsel for Defendant agree to negotiate in good faith in an attempt to reach an appropriate, amended settlement agreement.

6.3     To avoid ambiguity, the Parties agree that the Court's failure to approve, in whole or in part, the Fee and Expense Award payment to Class Counsel and/or the Service Award payment set forth in Paragraph 8 below shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination. The procedures for any application for approval of attorneys' fees, expenses, or Service Award are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement.

6.4     Notwithstanding Paragraphs 9.1-9.3 below, Defendant shall have the right (but not the obligation) to terminate the Settlement Agreement if individuals comprising more than 1,000 Settlement Class members opt out and/or object to the Settlement Agreement at any time prior to the filing of a motion for final approval.

**6.5**    If Defendant seeks to terminate the Agreement on the basis of 6.4 above, the Parties agree that any dispute as to whether Defendant may invoke section 6.4 to terminate the Agreement that they cannot resolve on their own after reasonable, good faith efforts, will be submitted to the Honorable Freda L. Wolfson of JAMS for binding determination.

## 7. PRELIMINARY APPROVAL AND FINAL ORDER.

**7.1**    Promptly after the execution of this Agreement, Class Counsel shall submit this Agreement, together with its exhibits, to the Court and shall move the Court for Preliminary Approval of the Settlement, preliminary certification of the Settlement Class for settlement purposes only; appointment of Class Counsel and the Class Representative; and entry of a Preliminary Approval Order. The Preliminary Approval Order, shall, among other things: (a) approve as to form and content the Proposed Notice and Claim Form, substantially in the form of Exhibits A, B, and C hereto, (b) direct the sending of the Notice and Claim Form to the Settlement Class Members, providing the Settlement Class Members an opportunity to file a claim, file an objection, or submit a request to be excluded from the settlement; and (c) certify the Settlement Class for settlement purposes. The Preliminary Approval Order shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Settlement Agreement and do not limit or impair the rights of the Settlement Class.

**7.2**    Defendant's agreement as to certification of the Settlement Class is solely for purposes of effectuating the Settlement and no other purpose. Defendant retains all of its objections, arguments, and defenses with respect to class certification and any other issue, and reserves all rights to contest class

certification and any other issue of the Settlement set out in this Agreement if the Court denies the

Preliminary Approval Motion or does not enter a Final Judgment and Dismissal as provided herein; if

the Court's approval is reversed or vacated on appeal; if this Settlement is terminated as provided herein,

or if the Settlement set forth in this Settlement Agreement otherwise fails to become effective. The

Parties acknowledge that there has been no stipulation to any classes or certification of any classes for

any purpose other than effectuating the Settlement, and that if the Settlement set forth in this Settlement

Agreement is not finally approved, if the Court's approval is reversed or vacated on appeal, if this

Settlement Agreement is terminated as provided herein, or if the Settlement set forth in this Settlement

Agreement otherwise fails to become effective, this agreement as to certification of the Settlement Class

becomes null and void *ab initio*, and this Settlement Agreement or any other settlement-related

statement may not be cited regarding certification of the Class, or in support of an argument for

certifying any class for any purpose related to this Action or any other proceeding.

7.3     At the time of the submission of this Agreement as to the Court as described above, Class

Counsel shall request that, after Notice is given, the Court approve the Settlement of the Action as set

forth herein. The Court shall have discretion to schedule and hold a Fairness Hearing.

7.4     After Notice is given, the Parties shall request and seek to obtain from the Court a Final

Judgment, which will (among other things):

a)     find that the Court has personal jurisdiction over all Settlement Class Members

and that the Court has subject matter jurisdiction to approve the Agreement, including all exhibits

thereto;

b)     approve the Settlement Agreement and the proposed settlement as fair,

reasonable, and adequate as to, and in the best interests of, the Settlement Class Members; direct the

Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and Releasing Parties;

      c)     find that the Notice implemented pursuant to the Agreement (1) constitutes the best practicable notice under the circumstances; (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing; (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

      d)     find that the Class Representative and Class Counsel adequately represent the Settlement Class for purposes of entering into and implementing the Agreement;

      e)     dismiss the Action (including all individual claims and Settlement Class Claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement;

      f)     incorporate the Release set forth above, make the Release effective as of the date of the Effective Date, and forever discharge the Released Parties as set forth herein;

      g)     permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the respective Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

h)      without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

i)      incorporate any other provisions, as the Court deems necessary and just.

7.5      If the Court declines to enter the Preliminary Approval Order, unless the Parties jointly agree to seek reconsideration of the ruling, to seek appellate review, or to seek Court approval of a renegotiated settlement, the Litigation will resume as if no settlement had been attempted. The Parties retain all rights with respect to whether the Litigation should be maintained as a class action or collective action and with respect to the merits of the claims and defenses being asserted in the Litigation.

7.6      The Parties will work together, diligently and in good faith, to expeditiously obtain a Preliminary Approval Order, Final Judgment, and Dismissal.

## 8. CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; SERVICE AWARD.

8.1      Defendant agrees that Class Counsel shall be entitled to an award of reasonable attorneys' fees and costs in an amount determined by the Court as the Fee and Expense Award. With no consideration given or received, Class Counsel will limit its petition for attorneys' fees, costs, and expenses to no more than one-third of the Gross Settlement Fund deposited into the Escrow Account. Provided that Class Counsel limits its request for a Fee and Expense Award to this amount, Defendant shall not oppose Class Counsel's request for the Fee and Expense Award. This Settlement is not conditioned upon the Court awarding any attorneys' fee and expense award, and should the Court decline to make a Fee and Expense Award, or approve an award less than that sought by Class Counsel, the remaining provisions of the Settlement shall be binding and effective.

**8.2**     The Fee and Expense Award shall be payable within five (5) days after the Effective Date. Payment of the Fee and Expense Award shall be made by wire transfer to Carney, Bates & Pulliam, PLLC in accordance with wire instructions to be provided to the Settlement Administrator by Carney, Bates & Pulliam, PLLC and completion of necessary forms, including but not limited to W-9 forms. Carney, Bates & Pulliam, PLLC shall be responsible for distributing the Fee Award between and amongst Class Counsel pursuant to any applicable agreements.

**8.3**     Class Counsel intends to file a motion for Court approval of a Service Award for the Class Representative, to be paid out of the Settlement Fund, in addition to any funds the Class Representative stand to otherwise receive from the Settlement Fund. With no consideration having been given or received for this limitation, the Class Representative will seek no more than $5,000 as a Service Award.

## 9.  CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

**9.1**     The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

     **(a)**     The Parties and their counsel have executed this Agreement;

     **(b)**     The Court has entered the Preliminary Approval Order;

     **(c)**     The Court has entered an order finally approving the Agreement, following Notice to the Settlement Class (and a Fairness Hearing if required by the Court), and has entered the Final Judgment, or a judgment consistent with this Agreement in all material respects; and

(d)      The Final Judgment has become Final, as defined above, or, in the event that the Court enters an order and judgment in a form other than that provided above ("Alternative Judgment") and that has the consent of the Parties, such Alternative Judgment becomes Final.

9.2      If any of the conditions specified in Paragraph 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the Settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 6.1 unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement. If any Party is in material breach of the terms hereof, and fails to cure such material breach within 30 days of notice, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the Settling Parties.

9.3      If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1 and 9.1-9.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the status quo ante with respect to the Action as if this Agreement had never been entered into.

## 10. MISCELLANEOUS PROVISIONS.

10.1      The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement, to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this

Agreement, to secure approval, and to defend the Final Judgment through any and all appeals. Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking Court approval of the Settlement Agreement, entry of the Preliminary Approval Order, and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

10.2    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiffs, the Settlement Class, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiffs or defended by Defendant, or each or any of them, in bad faith or on a frivolous basis.

10.3    The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully the above and foregoing agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

10.4    Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement:

(a)    is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by Plaintiff and the Settlement Class, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the

reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

**(b)**    is, may be deemed, or shall be used, offered, or received against Defendant, as an admission, concession, or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

**(c)**    is, may be deemed, or shall be used, offered, or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault, or wrongdoing as against any Released Parties, in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal. However, the Settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. Further, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

**(d)**    is, may be deemed, or shall be construed against Plaintiff, the Settlement Class, the Releasing Parties, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

**(e)**    is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff, the Settlement Class, the Releasing Parties, or each and any of

them, or against the Released Parties, or each or any of them, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

10.5    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

10.6    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

10.7    All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

10.8    This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements, and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest. Notwithstanding the provisions of this paragraph, all representations by Plaintiff, Defendant, and their respective counsel set forth in the Parties' Term Sheet shall remain binding.

10.9    Except as otherwise provided herein, each Party shall bear its own costs.

10.10    Plaintiff represents and warrants that he has not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that they are fully entitled to release the same.

**10.11**   Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms. Class Counsel in particular warrants that they are authorized to execute this Settlement Agreement on behalf of Plaintiff and the Settlement Class (subject to final approval by the Court after notice to all Settlement Class Members), and that all actions necessary for the execution of this Settlement Agreement have been taken.

**10.12**   This Agreement may be executed in one or more counterparts. Signature by digital means, facsimile, or in PDF format will constitute sufficient execution of this Agreement. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

**10.13**   This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**10.14**   While the Action shall be dismissed with prejudice, the Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

**10.15**   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Utah.

**10.16**   This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties. Because all Parties have contributed substantially and

materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

**10.17**   Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel: For Class Counsel: Allen Carney, Carney, Bates & Pulliam, PLLC, One Allied Drive, Suite 1400, Little Rock, AR 72202; and for Defendant's Counsel: Jeffrey Landis, ZwillGen PLLC, 1900 M Street NW, Suite 250, Washington, D.C. 20036.

**10.18**   Plaintiff and/or Class Counsel shall not, at any time, issue press releases or make other public statements regarding the Settlement or the Action other than those required to effectuate the Settlement (e.g., filings with the Court as necessary to obtain Approval of the Settlement) unless Defendant agrees to such press releases or public statements in advance. This provision shall not prohibit Class Counsel from communicating with any person in the Settlement Class regarding the Settlement (subject to compliance with any and all applicable confidentiality obligations).

**10.19**   Plaintiff and Class Counsel agree not to disparage Defendant or its affiliates, their practices, or any products or services they provide, offer, or sell, whether in public or private, whether written or oral, and whether truthful or untruthful.

**IT IS AGREED TO BY THE PARTIES:**

Dated: _____

**BENJAMIN GARCIA**

By: _____
   Benjamin Garcia, individually and as Class
   Representative

Dated: _____

**BRIGHAM YOUNG UNIVERSITY**

By: _____

Name: _____

Title: _____

**APPROVED AS TO FORM:**

Dated: _____

**CARNEY BATES & PULLIAM, PLLC**

By: _____
    Allen Carney (*pro hac vice*)
    acarney@cbplaw.com
    Hank Bates (*pro hac vice*)
    hbates@cbplaw.com
    Samuel Randolph Jackson (*pro hac vice*)
    sjackson@cbplaw.com
    One Allied Drive, Suite 1400
    Little Rock, AR 72202
    Telephone: (501) 312-8500
    Facsimile: (501) 312-8505

**ANDERSON & KARRENBERG, P.C.**
    Jacob D. Barney (#16777)
    50 W. Broadway, Suite 600
    Salt Lake City, UT 84101
    Telephone: (801) 534-1700
    Fax: (801) 364-7497

**LEVI & KORSINSKY LLP**

    Mark Reich (to apply for *pro hac vice*)
    mreich@zlk.com
    33 Whitehall Street, 17th Floor
    New York, NY, 10004
    Tel: (212) 363-7500
    Fax: (212) 363-7171

    *Class Counsel*

Dated: June 23, 2023

**ZWILLGEN PLLC**

By: _____
    Jeff Landis (*pro hac vice*)
    jeff@zwillgen.com
    Michael Bleicher (*pro hac vice*)
    michael.bleicher@zwillgen.com
    1900 M Street NW, Suite 250
    Washington, DC 20036
    Telephone: (202) 706-5251

James S. Jardine (1647)
jjardine@rqn.com
Michael K. Erickson (12503)
merickson@rqn.com
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 323-3351

David M. Andersen (16352)
david_andersen@byu.edu
Stephen M. Craig (12066)
stephen_craig@byu.edu
Scott L. Halvorsen (12001)
scott.halvorsen@byu.edu
BYU Office of General Counsel
A-360 ASB
Provo, Utah 84602
Telephone: (801) 422-4722

*Attorneys for Defendant*

**IT IS AGREED TO BY THE PARTIES:**

Dated: 06/23/2025

**BENJAMIN GARCIA**

By: _____

Benjamin Garcia, individually and as Class Representative

Dated: 06/23/2025

**BRIGHAM YOUNG UNIVERSITY**

By: _____

Name: C. Shane Reese

Title: President

**APPROVED AS TO FORM:**

Dated: 06/23/2025

**CARNEY BATES & PULLIAM, PLLC**

By: _____

Allen Carney (*pro hac vice*)
acarney@cbplaw.com
Hank Bates (*pro hac vice*)
hbates@cbplaw.com
Samuel Randolph Jackson (*pro hac vice*)
sjackson@cbplaw.com
One Allied Drive, Suite 1400
Little Rock, AR 72202
Telephone: (501) 312-8500
Facsimile: (501) 312-8505

**ANDERSON & KARRENBERG, P.C.**

Jacob D. Barney (#16777)
50 W. Broadway, Suite 600
Salt Lake City, UT 84101
Telephone: (801) 534-1700
Fax: (801) 364-7497

**LEVI & KORSINSKY LLP**

Mark Reich (to apply for *pro hac vice*)
mreich@zlk.com
33 Whitehall Street, 17th Floor
New York, NY, 10004
Tel: (212) 363-7500
Fax: (212) 363-7171

*Class Counsel*

Dated: _____

**ZWILLGEN PLLC**

By: _____
      Michael Bleicher (*pro hac vice*)
      michael.bleicher@zwillgen.com
      Jeff Landis (*pro hac vice*)
      jeff@zwillgen.com
      1900 M Street NW, Suite 250
      Washington, DC 20036
      Telephone: (202) 706-5251

      James S. Jardine (1647)
      jjardine@rqn.com
      Michael K. Erickson (12503)
      merickson@rqn.com
      RAY QUINNEY & NEBEKER P.C.
      36 South State Street, Suite 1400
      Salt Lake City, Utah 84111
      Telephone: (801) 323-3351

      David M. Andersen (16352)
      david_andersen@byu.edu
      Stephen M. Craig (12066)
      stephen_craig@byu.edu
      Scott L. Halvorsen (12001)
      scott.halvorsen@byu.edu
      BYU Office of General Counsel
      A-360 ASB
      Provo, Utah 84602
      Telephone: (801) 422-4722

*Attorneys for Defendant*

# Executed Settlement Agreement - Plaintiff

**Final Audit Report** 2025-06-23

| | |
|---|---|
| Created: | 2025-06-23 |
| By: | Rachel Edwards (redwar22@byu.edu) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAtkkN2m0WziiBsb4jwYfTyb1iJ0f5dh1- |

## "Executed Settlement Agreement - Plaintiff" History

Document created by Rachel Edwards (redwar22@byu.edu)
2025-06-23 - 10:12:51 PM GMT- IP address: 128.187.112.15

Document emailed to shane_reese@byu.edu for signature
2025-06-23 - 10:15:47 PM GMT

Email viewed by shane_reese@byu.edu
2025-06-23 - 10:16:02 PM GMT- IP address: 128.187.112.19

Signer shane_reese@byu.edu entered name at signing as C. Shane Reese
2025-06-23 - 10:16:32 PM GMT- IP address: 128.187.112.19

Document e-signed by C. Shane Reese (shane_reese@byu.edu)
Signature Date: 2025-06-23 - 10:16:34 PM GMT - Time Source: server- IP address: 128.187.112.19

Agreement completed.
2025-06-23 - 10:16:34 PM GMT

