# EXHIBIT C

**U.S. District Court for the District of Utah**
*Benjamin Garcia v. Brigham Young University d/b/a BYU Broadcasting*
Case No. 1:24-cv-00188-AMA-DAO

**Records Indicate You May Be Entitled to a Payment From a Class Action Settlement Because You Have a Subscription to BYUtv.**

**Claims Must be Submitted no later than [Claims Deadline]**

*A court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

- A settlement ("Settlement") has been reached in a class action lawsuit (the "Action") filed by a BYUtv account holder claiming that Brigham Young University d/b/a BYUtv ("Defendant" or "BYUtv") disclosed subscribers' personally identifiable information ("PII") about audio visual materials viewed to Meta (formerly Facebook) via the Meta Pixel without consent, in violation of the 1988 Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, which governs "video tape service providers." BYUtv disagrees and maintains that the VPPA does not apply to BYUtv, that BYUtv did not share any PII with Meta, and that no violation of privacy occurred. The Court has not decided who is right, and there has been no finding of wrongdoing. Rather, the parties have agreed to settle the matter to avoid costly and lengthy litigation.

- You are included in the Settlement Class Settlement if you are a person in the United States who, at any time between November 12, 2022, through May 9, 2025, simultaneously: (1) had a Facebook account, (2) had a registered account (i.e., login credentials) with BYUtv, and (3) viewed one or more videos on www.byutv.org.

- If the Settlement is approved by the Court, BYUtv will create a Settlement Fund of at least $1.25 million for the benefit of the Settlement Class. The Settlement Fund will be distributed on a *pro rata* basis to those who qualify as Settlement Class Members and who file a timely and complete claim, after deducting from the Settlement Fund any Court-approved attorneys' fees and expenses of Plaintiff's counsel, a service award for the class representative, and the costs of settlement administration. The Settlement also requires BYUtv to suspend operation of the Meta Pixel on any BYUtv website page that includes video content and has a URL that substantially identifies the video content viewed, unless and until either (1) the VPPA is amended, repealed, or otherwise invalidated by judicial decision as applied to the use of website pixel technology, or (2) BYUtv obtains VPPA-compliant consent that would apply to disclosure of the video content viewed to Meta.

- **Read this notice carefully**. It explains your rights and options, as well as the deadlines to exercise them. Your legal rights are affected whether you act or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT ||
|---|---|
| **SUBMIT A CLAIM FORM BY [DATE]** | This is the only way to receive a Cash Payment. Claim Forms can be found and submitted at the Settlement Website, www.garciavideoprivacyclassaction.com |
| **EXCLUDE YOURSELF BY [DATE]** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendant about the claims in this case. |
| **OBJECT BY [DATE]** | Write to the Court explaining why you don't like the Settlement. |
| **GO TO THE HEARING BY [DATE]** | Ask to speak in Court about your objection to the Settlement. |
| **DO NOTHING** | You won't get a share of the Settlement benefits and will give up your rights to sue the Defendant about the claims in this case. |

## BASIC INFORMATION

**1. Why was this Notice issued?**

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The Honorable Ann Marie McIff Allen of the United States District Court for the District of Utah, is overseeing this case. The case is called *Garcia v. Brigham Young University d/b/a BYU Broadcasting*, Case No. 1:24-cv-00188-AMA-DAO. The person who sued is called the Plaintiff. The entity being sued, BYU d/b/a BYUtv, is called the Defendant.

**2. What is a class action?**

In a class action, one or more people called the class representatives (in this case, Plaintiff Benjamin Garcia) sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all class members, except for those who exclude themselves from the Class.

**3. What is this lawsuit about?**

This lawsuit claims that BYUtv violated the 1988 VPPA by disclosing its subscribers' personally identifiable information ("PII") to Meta via the Meta Pixel (a piece of code Defendant installed across its website) without consent. The VPPA defines PII to include

1

information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider. Defendant denies that it violated any law or that the VPPA applies to it. The Court has not determined who is right. Rather, the parties have agreed to settle the matter to avoid the uncertainties and expenses associated with continuing the Action.

### 4. Why is there a Settlement?

The Court has not decided whether the Plaintiff or the Defendant should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Class Members will get compensation sooner rather than, if at all, after the completion of a trial.

## WHO'S INCLUDED IN THE SETTLEMENT?

### 5. How do I know if I am in the Settlement Class?

The **Settlement Class** is defined as:

> All persons in the United States who, at any time between November 12, 2022, through May 9, 2025, simultaneously: (1) had a Facebook account, (2) had a registered account (i.e., login credentials) with BYUtv, and (3) viewed one or more videos on www.byutv.org.

Excluded from the Settlement Class are counsel to the Settling Parties and their employees, legal representatives, heirs, successors, assigns, or any members of their immediate family; any government entity; BYU, any entity in which BYU has a controlling interest, any of BYU's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family; any persons who, as of the date of this Agreement, have provided notice to BYU of claims relating to the Action; any persons who have released claims relating to the Action; and any persons who timely opt-out of the Settlement Class.

## THE SETTLEMENT BENEFITS

### 6. What does the Settlement provide?

*Monetary Relief*:  Defendant will create a  Settlement Fund of at least $1.25 million for the benefit of the Settlement Class. The Settlement Fund will be distributed on a *pro rata* basis to those who qualify as Settlement Class Members and who file a timely and complete claim, after deducting the costs for notice and settlement administration, any Court-approved attorneys' fees and expenses, and a service award for the Class Representative (*see* Question 13).

*Prospective Changes*:  In addition to this monetary relief, the Settlement also requires Defendant to suspend operation of the Meta Pixel on any BYUtv website page that includes

video content and has a URL that substantially identifies the video content viewed, unless and until either (1) the VPPA is amended, repealed, or otherwise invalidated by judicial decision as applied to the use of website pixel technology, or (2) Defendant obtains VPPA-compliant consent that would apply to disclosure of the video content viewed to Facebook.

A detailed description of the settlement benefits can be found in the Settlement Agreement. [insert hyperlink]

### 7. How much will my payment be?

As noted above, Defendant will create a Settlement Fund of at least $1.25 million for the benefit of the Settlement Class. The Settlement Fund will be distributed on a *pro rata* basis to those who qualify as Settlement Class Members and who file a timely and complete claim, after deducting costs for notice and settlement administration, any Court-approved attorneys' fees and expenses, and a service award for the Class Representative. This means each Settlement Class Member who submits a valid claim will be paid an equal share from the Net Settlement Fund. The amount of the payments to individual Class Members will depend on the number of valid claims that are filed. Because the final payment amount cannot be calculated before all claims are received and verified, it will not be possible to provide an accurate estimate of the payment amount before the deadline to file claims. **You must submit a Claim Form** in order to receive any compensation under the Settlement.

### 8. When will I get my payment?

The hearing to consider the fairness of the settlement is scheduled for [DATE]. If the Court approves the Settlement, eligible Class Members whose claims were approved by the Settlement Administrator will receive their Cash Payment 45 days after the Settlement has been finally approved and/or any appeals process is complete. The Cash Payments will be made in the form of a check or payment by Zelle, PayPal, or Venmo, at your election.

## HOW TO GET BENEFITS

### 9. How do I get a payment?

If you are a Class Member and you want to get a Cash Payment, you **must** complete and submit a Claim Form by **[Claims Deadline]**. Claim Forms can be found and submitted by clicking here [hyperlink], or by printing and mailing a paper Claim Form, copies of which are available for download here [hyperlink].

Settlement Class Members are encouraged to submit claims online. Not only is it easier and more secure, but it is completely free and takes only minutes!

## REMAINING IN THE SETTLEMENT

### 10. What am I giving up if I stay in the Settlement Class?

If the Settlement becomes final, you will give up your right to sue Defendant for the claims this Settlement resolves. The Settlement Agreement describes the specific claims you are giving up against the Defendant. You will be "releasing" the Defendant and certain of its affiliates (the "Released Parties") regarding the Released Claims as described and defined in paragraphs 1.25 and 1.26 of the Settlement Agreement. Unless you exclude yourself (*see* Question 14), you are "releasing" the claims, regardless of whether you submit a claim or not. The Settlement Agreement is available through the "court documents" tab on the website.

The Settlement Agreement describes the Released Claims with specific descriptions (*see* paragraphs 1.24-1.26 and 3.1-3.2 of the Settlement Agreement), so read it carefully. If you have any questions you can talk to the lawyers listed in Question 12 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

### 11. What happens if I do nothing at all?

If you do nothing, you won't get any benefits from this Settlement. But, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against the Defendant for the claims being resolved by this Settlement.

## THE LAWYERS REPRESENTING YOU

### 12. Do I have a lawyer in the case?

The Court has appointed Allen Carney, Hank Bates, and Sam Jackson of Carney Bates & Pulliam, PLLC, Jacob Barney of Anderson & Karrenberg, and Mark Reich of Levi & Korsinsky LLP to be the attorneys representing the Settlement Class. They are called "Class Counsel." They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

### 13. How will the lawyers be paid?

Class Counsel's attorneys' fees, costs, and expenses will be paid from the Gross Settlement Amount in an amount determined and awarded by the Court. Class Counsel is entitled to seek up to one-third of the $1.25 million Gross Settlement Amount, but the Court may award less than this amount.

Class Counsel may also seek a Service Award of up to $5,000 for the Class Representative for his service in helping to bring and settle the case, but the Court may award less than this

amount. The Service Award will be paid out of the Gross Settlement Fund.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

**14. How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must mail or otherwise deliver a letter (or request for exclusion) stating that **you want to be excluded** from the *Garcia v. Brigham Young University d/b/a BYU Broadcasting*, Case No. 1:24-cv-00188-AMA-DAO settlement. Your letter or request for exclusion must also include your full name, your mailing address, your handwritten or electronically imaged written signature, the name and number of this case, and a statement that you wish to be excluded. You must mail or deliver your exclusion request, postmarked no later than **[objection/exclusion deadline],** to:

BYUtv VPPA Settlement<br>
0000 Street<br>
City, ST 00000

**15. If I don't exclude myself, can I sue the Defendant for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue the Defendant for the claims being resolved by this Settlement. If you exclude yourself, do not submit a Claim Form to ask for benefits.

**OBJECTING TO THE SETTLEMENT**

**17. How do I object to the Settlement?**

If you're a Settlement Class Member, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must file with the Court a letter or brief stating that you object to the Settlement in *Garcia v. Brigham Young University d/b/a BYU Broadcasting*, Case No. 1:24-cv-00188-AMA-DAO and identify all your reasons for your objections (including citations and supporting evidence) and attach any materials you rely on for your objections. Your letter or brief must also include the following information: your full name and mailing address; an explanation of the basis upon which you claim to be a Settlement Class Member, including your affirmation that you were a Facebook member during the class period; the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with your objection, and your handwritten or electronically imaged written signature. If you, or an attorney assisting you with your objection, have ever objected to any class action settlement where you or the objecting attorney has asked for or received payment in exchange for dismissal of the objection (or any related appeal) without modification to the settlement, you must also include a statement in your objection identifying each such case by full case caption. You must also mail or deliver a copy of your letter or brief to Class Counsel and Defendant's Counsel listed below.

Class Counsel will file with the Court and post on this website its request for attorneys' fees by [two weeks prior to objection deadline].

5

If you want to appear and speak at the Final Approval Hearing regarding your objection to the Settlement, with or without a lawyer (explained below in answer to Question Number 21), you must say so in your letter or brief. You must file the objection with the Court no later than **[objection deadline]**. The Court's address, as well as the addresses for Class Counsel and Defendant's Counsel, are:

| **Court** | **Class Counsel** | **Defendant's Counsel** |
|---|---|---|
| United States District Court for the District of Utah | Allen Carney<br>Carney Bates & Pulliam, PLLC<br>One Allied Drive, Suite 1400<br>Little Rock, AR 72202<br>Telephone: (501) 312-8500<br>Facsimile: (501) 312-8505 | Jeffrey Landis<br>ZwillGen PLLC<br>1900 M Street NW, Suite 250<br>Washington, DC 20036<br>Telephone: (202) 706-5203<br>Facsimile: (202) 706-5298 |

**18. What's the difference between objecting and excluding myself from the Settlement?**

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself from the Settlement Class is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object or file a Claim Form because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

**19. When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Final Approval Hearing at **[DATE AND TIME]** in Courtroom 2B at the St. George Courthouse, 206 Tabernacle Street, St. George UT 84770 or 351 S. West Temple, Salt Lake City UT 84101. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class; to consider the Class Counsel's request for attorneys' fees and expenses; and to consider the request for a service award to the Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check [www.garciavideoprivacyclassaction.com] or contact Class Counsel at 1-888-551-9944. If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of such Final Approval Hearing.

### 20. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend (at your own expense), but it's not required.

### 21. May I speak at the hearing?

Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include in your letter or brief objecting to the Settlement a statement saying that you or your attorney intend to appear at the Final Approval Hearing (see Question 17).

**GETTING MORE INFORMATION**

### 22. Where do I get more information?

This Notice summarizes the Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement at www.garciavideoprivacyclassaction.com You may also write with questions to BYU VPPA Settlement, P.O. Box 0000, City, ST 00000. You can call the Settlement Administrator at 1-800-000-0000 or Class Counsel at 501-312-8500, if you have any questions. Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the Settlement Website.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANT, OR DEFENDANT'S COUNSEL TO ASK QUESTIONS ABOUT THIS ACTION OR THIS NOTICE. THEY CANNOT ANSWER ANY QUESTIONS OR DISCUSS THE ACTION.**