**CARNEY BATES & PULLIAM, PLLC**
Allen Carney (*pro hac vice*)
acarney@cbplaw.com
Hank Bates (*pro hac vice*)
hbates@cbplaw.com
Samuel Jackson (*pro hac vice*)
sjackson@cbplaw.com
One Allied Drive, Suite 1400
Little Rock, AR 72202
Tel: (501) 312-8500
Fax: (501) 312-8505

**ANDERSON & KARRENBERG**
Jacob D. Barney (#16777)
50 W. Broadway, Suite 600
Salt Lake City, UT 84101
Tel: (801) 534-1700
Fax: (801) 364-7497

**LEVI & KORSINSKY LLP**
Mark Reich (to apply for *pro hac vice*)
mreich@zlk.com
Gary Ishimoto (to apply for *pro hac vice*)
gishimoto@zlk.com
33 Whitehall Street, 27th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171

*Attorneys for Plaintiff and the Proposed Settlement Class*

---

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH – CENTRAL DIVISION**

| | |
|---|---|
| BENJAMIN GARCIA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BRIGHAM YOUNG UNIVERSITY d/b/a BYU BROADCASTING<br><br>Defendant. | **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. Ann Marie McIff Allen<br><br>Mag. Judge: Hon. Daphne A. Oberg<br><br>Case No.: 1:24-cv-00188-AMA-DAO |

Plaintiff Benjamin Garcia ("Plaintiff"), on behalf of himself and all other members of the proposed Settlement Class, respectfully submits this memorandum of law in further support of his (1) Motion for Final Approval of Class Action Settlement (*see* ECF Nos. 46-47, the "Final Approval Motion"), and (2) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (*see* ECF Nos. 48-49, the "Fee Motion") (collectively, the "Motions").[1]

## PRELIMINARY STATEMENT

The Proposed Settlement provides for a $1,548,495 cash payment for the benefit of the Settlement Class, and as discussed in the Final Approval Motion, results from well-informed, arm's length negotiations. As further discussed therein, the Proposed Settlement is fair, reasonable, and adequate in light of the attendant risks of continued litigation. *See* ECF Nos. 46-47.

The deadline for objections and requests for exclusion passed on October 14, 2025, and the Settlement Class's response to the Settlement has been overwhelmingly positive. No Settlement Class Member has objected to the Settlement or Class Counsel's application for attorneys' fees, litigation expenses, and a service award for Plaintiff, and only six (6) Settlement Class Members have requested exclusion from the Settlement Class. *See* Supplemental Declaration of Settlement Administrator Simpluris Inc. in Support of Plaintiff's Motion for Final Approval of Class Action Settlement ("Simpluris Supp. Decl.") at ¶¶13-16.

Accordingly, Plaintiff respectfully submits that the reaction of the Settlement Class supports the fairness, adequacy, and reasonableness of the Settlement and Class Counsel's request for attorneys' fees, expenses, and a service award to Plaintiff. The Settlement also satisfies the factors set forth in Federal Rule of Civil Procedure 23(e)(2). It was reached after arm's-length negotiations; Plaintiff and Class Counsel adequately represented the Settlement Class; the relief is

---

[1] All capitalized terms not defined herein are defined in the Settlement Agreement.

adequate in light of the risks, costs, and delay of continued litigation; and the Settlement treats all Settlement Class Members equitably and uniformly.

## ARGUMENT

### I. The Reaction of the Settlement Class Strongly Supports Approval of the Settlement and Class Counsel's Request for Attorneys' Fee, Litigation Expenses, and a Service Award.

In compliance with the Court's Preliminary Approval Order (ECF No. 42), the Settlement Administrator emailed Notice to potential Settlement Class Members, maintained a Settlement Website, and maintained a toll-free telephone number. *See* ECF No. 51; *see also* Simpluris Supp. Decl. at ¶¶6-10. As more fully described in the Final Approval Motion, the Notices provided Settlement Class Members with information regarding the Settlement, including their right to object and right to exclude themselves from the Settlement Class by October 14, 2025. The Notices further informed Settlement Class Members that Class Counsel intended to apply for an award of attorneys' fees of no more than 33 and 1/3% of the Settlement Fund, reimbursement of out-of-pocket litigation expenses, and a Service Award of $5,000 for the Settlement Class Representative. *See* ECF No. 51 and Exhibits B and C thereto. This information allowed Settlement Class Members to make a fully informed decision regarding the Settlement and Class Counsel's request for attorneys' fee, litigation expenses, and Service Award. ECF No. 47 at pp. 6-7.

On September 29, 2025, in accord with the Preliminary Approval Order, Plaintiff filed his Final Approval Motion (*see* ECF Nos. 46-47) and Fee Motion (*see* ECF Nos. 48-49). As set forth therein, continued litigation of this Action would involve significant risk at class certification, summary judgment, and trial, including disputes over standing, causation, and damages. The Settlement eliminates these uncertainties and secures immediate, certain cash relief for the Settlement Class.

The deadline for objecting and requesting exclusion, which was October 14, 2025, has now passed. Simpluris Supp. Decl. at ¶¶13, 15. Neither the Settlement Administrator nor Class Counsel have received any objections to the Settlement or to Class Counsel's Fee Motion. *Id*. at ¶16. This favorable reaction by the Settlement Class, with "no class member object[ing] shows that the class also considers this settlement fair and reasonable." *Ramos v. Banner Health*, No. 15-cv-2556-WJM-NRN, 2020 U.S. Dist. LEXIS 210056, at *10 (D. Colo. Nov. 10, 2020); *see also In re Rambus Inc. Derivative Litig*., No. C 06-3513, 2009 U.S. Dist. LEXIS 131845, at *3 (N.D. Cal. Jan. 20, 2009) ("[t]he reaction of the class to the proffered settlement . . . is perhaps the most significant factor to be weighed in considering its adequacy"); *Anderson v. Merit Energy Co*., No. 07-cv-00916-LTB-BNB, 2009 U.S. Dist. LEXIS 100681, at *13 (D. Colo. Oct. 20, 2009) ("The absence of any Class members' objection is an additional factor that supports this Court's approval of the requested attorneys' fees."); *Vaccaro v. New Source Energy Partners L.P*., No. 15 CV 8954 (KMW), 2017 U.S. Dist. LEXIS 205785, at *22 (S.D.N.Y. Dec. 14, 2017) ("The fact that no class members have explicitly objected to these attorneys' fees supports their award.").

Moreover, only six (6) requests for exclusion have been received. Simpluris Supp. Decl. at ¶14. Thus, Plaintiff and Class Counsel submit that the reaction from the Settlement Class Members has been overwhelmingly positive and weighs in favor of approval of Plaintiff's Motions. *See Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1189 (10th Cir. 2002) (noting that a settlement "from which an extremely small percentage of class members opted out, was fair, reasonable, and adequate"); *Peace Officers' Annuity & Benefit Fund of Ga. v. DaVita Inc.*, No. 17-cv-0304-WJM-NRN, 2021 U.S. Dist. LEXIS 71038, at *15 (D. Colo. Apr. 13, 2021) (approving settlement with no objections and only one valid exclusion request); *In re Crocs, Inc.*

*Sec. Litig.*, 306 F.R.D. 672, 691-92 (D. Colo. 2014) (finding reaction of settlement class supports final approval where claims administrator received thirteen exclusion requests).

**CONCLUSION**

For the reasons set forth herein, as well as the Final Approval Motion, the Fee Motion, and supporting documents thereto, Plaintiff respectfully requests that the Court (i) grant final approval of the proposed Settlement of this case as fair, reasonable, and adequate; (ii) grant final certification to the Settlement Class; (iii) find the notice program as set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order satisfies the requirements of the Federal Rules of Civil Procedure and due process and constitutes the best notice practicable under the circumstances, (iv) award Class Counsel the requested attorneys' fees and litigation expenses; and (v) award Plaintiff the requested service award. A proposed order is attached hereto as Exhibit A.

Dated: November 6, 2025

Respectfully submitted,

*/s/ Allen Carney*

Allen Carney (*pro hac vice*)
acarney@cbplaw.com
Hank Bates (*pro hac vice*)
hbates@cbplaw.com
Sam Jackson (*pro hac vice*)
sjackson@cbplaw.com
**CARNEY BATES & PULLIAM, PLLC**
One Allied Drive, Suite 1400
Little Rock, AR 72202
Tel: (501) 312-8500
Fax: (501) 312-8505

Mark Reich (to apply for *pro hac vice*)
mreich@zlk.com
Gary Ishimoto (to apply for *pro hac vice*)
gishimoto@zlk.com
**LEVI & KORSINSKY LLP**
33 Whitehall Street, 27th Floor
New York, NY 10004

Tel: (212) 363-7500
Fax: (212) 363-7171

Jacob D. Barney (#16777)
**ANDERSON & KARRENBERG**
50 W. Broadway, Suite 600
Salt Lake City, UT 84101
Tel: (801) 534-1700
Fax: (801) 364-7497

***Attorneys for Plaintiff and the Proposed Settlement Class***

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing pleading was filed via the Court's e-filing system on this date on counsel of record.

Date: November 6, 2025

/s/ *Allen Carney*
Allen Carney