**UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH – CENTRAL DIVISION**

| | |
|---|---|
| BENJAMIN GARCIA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BRIGHAM YOUNG UNIVERSITY d/b/a BYU BROADCASTING<br><br>Defendant. | ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT & AWARDING ATTORNEYS' FEES, LITIGATION EXPENSES, & SERVICE AWARD<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Daphne A. Oberg<br><br>Case No.: 1:24-cv-00188-AMA-DAO |

This matter is before the Court on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement[1] and Plaintiff's Motion for Award of Attorneys' Fees, Litigation Expenses, and Service Award.[2] These related Motions reference and incorporate a proposed Class Action Settlement Agreement (the "Settlement" or "Settlement Agreement")[3] that sets forth the terms and conditions for the settlement of claims, on a class-wide basis, against Defendant Brigham Young University d/b/a BYU Broadcasting ("BYU" or "Defendant," and collectively with the Plaintiff, the "Parties"). Having carefully considered the Motions and the Settlement, and all of the files, records, and proceedings herein, including arguments set forth at the Fairness Hearing on the Settlement,[4] and finding good cause,

**THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:**

1. This Order incorporates by reference the definitions in the Settlement Agreement. All terms defined therein shall have the same meaning in this Order as set forth in the Settlement Agreement. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this action ("Action") and personal jurisdiction over all Parties and all members of the Settlement Class described below.

3. There were no objections to the Settlement Agreement or to Plaintiff's Motion for Award of Attorneys' Fees, Litigation Expenses, and Service Award.

---

[1] ECF No. 46, filed September 29, 2025.
[2] ECF No. 48, filed September 29, 2025.
[3] ECF No. 41.
[4] *See* ECF No. 58.

**Certification of the Settlement Class**

4. Under Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure, and solely for purposes of judgment on the proposed Settlement Agreement, the Court certifies the following Settlement Class:

> All individuals who, as persons in the United States, (1) had a Facebook account during the Class Period; (2) had a subscription (i.e., login credentials) to https://www.byutv.org during the Class Period; and (3) viewed videos on www.byutv.org during the Class Period.

5. Excluded from the Settlement Class are counsel to the Settling Parties, and their employees, legal representatives, heirs, successors, assigns, or any members of their immediate family; any government entity; Defendant, any entity in which Defendant has a controlling interest, any of Defendant's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family; any persons who, as of the date of the Settlement Agreement, have asserted claims against Defendant under the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"), through counsel other than Class Counsel; any persons who have released claims relating to the Action; the Honorable Freda L. Wolfson; and any persons who properly execute and timely request exclusion from the Settlement Class.

6. The Court finds that the requirements of Rules 23(a) and (b)(3) are satisfied for the following reasons: (1) the Settlement Class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to members of the Settlement Class that predominate over questions affecting only individual members (*e.g.*, whether Defendant unlawfully disclosed to third parties Plaintiff's and Settlement Class Members' personally identifiable information without consent in a manner that violated the VPPA and whether Plaintiff and Settlement Class Members are entitled to uniform statutory damages under the VPPA); (3)

Plaintiff's claims are typical of the claims of the Settlement Class; (4) Plaintiff and Class Counsel have and will continue to fairly and adequately protect the interests of the Settlement Class; and (5) a settlement class action is a superior method of fairly and efficiently adjudicating this Action.

7. Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, Plaintiff Benjamin Garcia is hereby appointed Class Representative, and the following are hereby appointed as Class Counsel: Carney, Bates & Pulliam, PLLC, including Allen Carney, Hank Bates, and Sam Jackson; Anderson & Karrenberg, P.C., including Jacob D. Barney; and Levi & Korsinsky LLP, including Mark Reich.

**Final Approval of the Settlement Agreement and Notice Plan**

8. The Court approves the Settlement as fair, reasonable, and adequate and in the best interests of the Settlement Class Members. The Court has specifically considered the factors relevant to class settlement approval pursuant to Fed. R. Civ. P. 23, including whether (1) the Class Representative and Class Counsel have adequately represented the Settlement Class; (2) the Settlement was negotiated at arm's length; (3) the relief provided for the Settlement Class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of any proposed method of distributing relief to the class, (iii) the terms of any proposed award of attorneys' fees and costs, and Class Representative service award, including the timing of payment and any justification for the awards, and (iv) any agreement required to be identified under Rule 23(e)(3); and (4) the Settlement treats Settlement Class Members equitably relative to each other.

9. The Court has also considered other factors relevant to class settlement approval, including (i) whether the proposed settlement was fairly and honestly negotiated; (ii) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (iii) whether the value of an immediate recovery outweighs the mere possibility of future relief after

protracted and expensive litigation; and (iv) the judgment of the parties that the settlement is fair and reasonable.[5]

10. Having considered the terms of the Settlement and the record before it, the Court finds that the Class Representative and Class Counsel have adequately represented the interests of the Settlement Class Members; the settlement consideration provided under the Settlement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties; the Settlement is the result of arm's-length negotiations by experienced, well-qualified counsel that included a mediation conducted by respected mediator Honorable Freda L. Wolfson (Ret.); the Settlement provides meaningful monetary and non-monetary benefits to Settlement Class Members and such benefits are not disproportionate to the attorneys' fees and expenses sought by Class Counsel; the benefits provided treat Settlement Class Members equitably and the proposed method of distributing such benefits to the Settlement Class is effective; and the Settlement is reasonable and appropriate under the circumstances of this Action, including the risks, complexity, expense and duration of the Action, and the reaction of the Settlement Class. The Court further finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in reaching the Settlement Agreement, implicit or otherwise.

11. The Court finds that the Notice Program, as set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, as amended, satisfies the requirements of Federal Rule of Civil Procedure 23(c), is reasonable, and provided due, adequate, and sufficient notice of the Settlement to the Settlement Class Members.

---

[5] *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984).

12. The Court hereby reaffirms its appointment of the Settlement Administrator, Simpluris Inc., to perform the functions and duties of the Settlement Administrator set forth in the Settlement and to provide such other administrative services as are reasonably necessary to facilitate the completion of the Settlement. Accordingly, Class Counsel and the Settlement Administrator are directed to administer the Settlement in accordance with its terms and provisions.

13. The three individuals identified in the Supplemental Declaration of Settlement Administrator Simpluris Inc. in Support of Plaintiff's Motion for Final Approval of Class Action Settlement[6] as having timely and validly requested exclusion from this Action and the Settlement Classes are, therefore, excluded. These individuals are not included in or bound by the Settlement or this Order. These individuals are not entitled to any recovery from the Settlement proceeds obtained through the Settlement.

14. No objections (timely or otherwise) were filed with the Court in accordance with the requirements set forth in the Court's Preliminary Approval Order.

15. The Court hereby approves the Settlement in all respects and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

**Attorneys' Fees, Litigation Expenses, and Service Award**

16. The Court has also considered Plaintiff's and Class Counsel's Motion for Attorneys' Fees, Litigation Expenses, and Service Award, as well as the supporting memorandum of law and declarations.[7] No member of the Settlement Class objected to any of the requests in this

[6] ECF No. 57 ¶ 14.
[7] ECF Nos. 48–51.

Motion. Having considered the time and labor involved, the difficulty of the questions presented and undesirability of the case, the skill required and experience of Class Counsel, the contingent nature of the fee, awards in similar cases, the amount involved and results obtained, and the nature of the incurred expenses, the Court adjudges that, as agreed to in the Settlement Agreement and included within the Notice documents, the requested payment of attorneys' fees, costs, and expenses in the amount of $516,165.00 is fair and reasonable. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

17. The Court further finds that the requested Service Award to the Class Representative is fair and reasonable. As such, the Court approves a Service Award to the Class Representative in the amount of $5,000.00 to be paid in the manner and at the times set forth in the Settlement Agreement.

**Dismissal**

18. The Action is hereby dismissed with prejudice, with each party to bear its own costs.

19. The Parties are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

20. Upon the Effective Date and by operation of this Order and the subsequently entered Judgment, the Releasing Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties. Released Claims do not include the right of any Settlement Class Member or any of the Released Parties to enforce the terms of the settlement contained in the Settlement Agreement.

21. The Parties, without further approval from the Court, are hereby permitted to agree and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents so long as they are consistent in all material respects with this Order and do not limit the rights of Settlement Class Members.

22. The Court shall retain exclusive, continuing, jurisdiction after the entry of this Order with respect to the implementation and enforcement of the Settlement Agreement and this Order.

23. In the event that this Order is reversed on appeal or otherwise does not become final this Order shall be rendered null and void and shall be vacated *nunc pro tunc* and the Action shall proceed as if no settlement had occurred and as otherwise provided for in the Settlement Agreement.

24. Judgment shall be entered separately.

**IT IS SO ORDERED.**

Dated: November 24th, 2025

ANN MARIE MCIFF ALLEN
United States District Judge